IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 04-288 |
| | ) |
| ABDUL Q. DANIELS | ) |

O P I N I O N

DIAMOND, D.J.

Presently before the court are two pretrial motions filed by Abdul Q. Daniels ("defendant") and the government's omnibus response to those motions. For the following reasons, defendant's motion to dismiss (Document No. 23) will be denied, but defendant's motion <u>in limine</u> to compel the government to provide a statement of uncharged misconduct evidence (Document No. 24) will be granted.

On November 11, 2004, defendant was indicted in a one-count indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1).

Defendant's first motion seeks dismissal of Count One[1] of the indictment on jurisdictional grounds. Specifically, defendant argues that the government's evidence that the firearm possessed by defendant was manufactured in Brazil, imported into Florida and

---

1. Although defendant's motion is entitled "Motion to Dismiss Two Counts of the Indictment on Jurisdictional Grounds", the grand jury returned only a one-count indictment.

discovered in defendant's possession in Pennsylvania is insufficient as a matter of law to prove defendant's possession was "in or affecting interstate commerce", an essential element of a §922(g)(1) violation.

However, as defendant candidly acknowledges in his brief, the Third Circuit Court of Appeals has ruled that §922(g)(1) is constitutional as a valid exercise of the Commerce Clause, see United States v. Gateward, 84 F.3d 670, 672 (3d Cir. 1996), and United States v. Singletary, 268 F.3d 196, 204-05 (3d Cir. 2001), and more recently has held that proof that a defendant possessed a firearm in a state other than the state in which it was manufactured is sufficient to establish the interstate nexus element for a violation of §922(g)(1). United States v. Shambry, 392 F.3d 631, 634-35 (3d Cir. 2004).

Defendant acknowledges that the foregoing is the law of this Circuit and that he merely is raising the issue to preserve his jurisdictional claims should Scarborough v. United States, 431 U.S. 563 (1977), the holding underpinning the Singletary and Shambry cases, be overruled. As defendant has conceded that his position is contrary to the current law, and there being no matter presently before the United States Supreme Court on this subject which would justify holding defendant's motion in abeyance, defendant's motion to dismiss indictment on jurisdictional grounds will be denied.

AO 72
(Rev. 8/82)

Defendant's second pending motion is a motion in limine to compel the government to provide defendant with a statement of uncharged misconduct evidence under Fed.R.Evid. 404(b) and 609. Fed.R.Evid. 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but may be admissible for other enumerated purposes, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.

The government has acknowledged its responsibility to provide advance notice of the general nature of any other crimes, wrongs or acts it intends to offer at trial, and has set forth in its response the 404(b) evidence it so intends to offer: (1) evidence as to why the police came to defendant's residence and immediately placed him under arrest, i.e., because they possessed a valid arrest warrant; and, (2) evidence of an underlying domestic assault case which would be used solely on cross-examination of defendant's girlfriend if she testifies.

Likewise, with regard to Rule 609, the government has placed defendant on notice in its response that, in the event defendant testifies at trial, the government intends to impeach his testimony with all of his prior criminal convictions punishable by imprisonment in excess of one year, all of which are listed in the

Pretrial Services Investigation Report already provided to defendant.

As the government is aware of its obligations under Rules 404(b) and 609 and already has provided defendant with notice of its intent to offer evidence under those rules, defendant's motion <u>in limine</u> will be granted.  Furthermore, should the government become aware of any additional evidence it may intend to use under those rules, the court will order that such evidence be turned over to defendant no later than ten days prior to trial.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: August 3, 2005

cc:   Charles A. Eberle
      Assistant U.S. Attorney

      Linda E.J. Cohn
      Assistant Fed.Pub. Defender