IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 04-288
)
ABDUL Q. DANIELS )

O P I N I O N

DIAMOND, D.J.

Presently before the court are requested points for charge on an "innocent transitory possession" defense (Document No. 34), as well as a motion requesting a special verdict on that defense (Document No. 32), filed by Abdul Q. Daniels ("defendant"). For the following reasons, defendant's request for points for charge on his proposed defense will be denied, as will his motion requesting a special verdict.

On November 11, 2004, a grand jury returned a one-count indictment against defendant charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). Trial on this charge currently is scheduled to commence with jury selection on September 26, 2005.

At trial, defendant wishes to assert an affirmative defense of "innocent transitory possession." Defendant contends that the evidence at trial will demonstrate that the firearm in question, which was seized from his person on June 12, 2004, during a search incident to his arrest on a warrant stemming from a prior domestic assault incident involving his girlfriend, was only briefly in his possession while he walked from his girlfriend's minivan to her residence. Defendant avers that he was unaware that the weapon was in the minivan until he received a cell phone call from his girlfriend while he was driving to her residence, and that he never touched the weapon until he arrived at her residence and only intended to carry it inside to return it to her. Defendant contends that the foregoing facts, which indicate that he obtained the firearm innocently and held it with no illicit purpose and that he was taking adequate measures to promptly rid himself of the firearm, are sufficient to warrant an innocent transitory possession instruction to the jury. See United States v. Mason, 233 F.3d 619, 625 (D.C. Cir. 2000) (recognizing innocent transitory possession as an affirmative defense to a §922(g)(1) charge).[1]

---

[1] The affirmative defense of innocent transitory possession, as recognized by the District of Columbia Circuit Court of Appeals, is available when the record reveals that: "(1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory-i.e., in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of

Upon due consideration, even assuming <u>arguendo</u> that the facts as proffered by defendant are true, the court finds that defendant is not entitled to his requested points for charge nor his special verdict form on an innocent transitory possession defense, as the Third Circuit Court of Appeals never has adopted innocent transitory possession as a viable defense theory in this circuit.

In order to establish a violation of §922(g)(1), the government must prove each of the following elements beyond a reasonable doubt: (1) that the defendant previously was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) that the defendant knowingly possessed a firearm; and, (3) that the defendant's possession of the firearm was in or affecting interstate commerce. <u>United States v. Dodd</u>, 225 F.2d 340, 344 (3d Cir. 2000).

In this circuit, in order to prove the "knowingly possessed" element of a §922(g)(1) violation, the government must prove only the defendant's awareness that he possessed the firearm, and need not demonstrate that the defendant possessed it with the intent to cause harm or with knowledge that the possession was unlawful. <u>Dodd</u>, 225 F.3d at 344.

Here, defendant does not argue that he did not knowingly possess the firearm, but instead wishes to raise the common law

---

possession of the firearm as promptly as reasonably possible." <u>Mason</u>, 233 F.3d at 625.

based "innocent transitory possession" concept as an affirmative defense to the charged statutory violation. Defendant points out that the Third Circuit has grafted the common law concept of justification[2] as an affirmative defense to a §922(g)(1) violation, and, while conceding that he is not entitled under the facts of this case to a justification defense as recognized in this circuit due to the absence of a threat of death or serious bodily harm, defendant nevertheless contends that the court should graft another affirmative defense from the common law onto a §922(g)(1) charge.

However, the Third Circuit has never adopted "innocent transitory possession", or any other affirmative defense aside from justification, as a defense to a §922(g)(1) violation, and this court believes it would be unlikely to do so. Even as to justification, the Third Circuit has adopted a restrictive view of that defense in order to achieve the felon-in-possession statute's purpose, with which Congress "sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible

---

[2] The justification defense to a charge of being a felon in possession of a firearm has four elements: (1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury; (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm. Dodd, 225 F.3d at 341; United States v. Paolello, 951 F.2d 537, 540-41 (3d Cir. 1991).

4

and dangerous" by comprehensively barring such persons "from acquiring firearms by any means." Barrett v. United States, 423 U.S. 212, 218 (1976).

Accordingly, this circuit has emphasized that "[t]he restrictive approach is sound. Congress wrote section 922(g) in absolute terms, banning any possession of firearms by all convicted felons. To ensure that this strict prohibition is effectuated, we should require that the defendant meet a high level of proof to establish the defense of justification." Dodd, 951 F.2d at 542. With such a restrictive approach to justification, it seems highly dubious that this circuit would be conducive to grafting an additional affirmative defense onto §922(g)(1).

Moreover, no other circuit has followed the District of Columbia Circuit by adopting the innocent possession defense in the five years since Mason was decided. To the contrary, the First Circuit expressly has rejected such a defense, see United States v. Mercado, 412 F.3d 243 (1st Cir. 2005)(rejecting innocent possession defense and finding that even momentary or fleeting possession of firearm constitutes possession where defendant exercises authority, dominion and control over it) and United States v. Teemer, 394 F.3d 59 (1st Cir. 2005) (declining to adopt innocent possession as defense to §922(g)(1) violation), and this court finds the reasoning of those cases sound and persuasive.

Finally, even assuming the Third Circuit would be inclined to adopt the innocent transitory possession defense, the court believes that such a defense, even as it is recognized by the District of Columbia Circuit, would be unavailable to defendant in this case.  In Mason, the court noted that in order to assert the defense, the "'defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of action.'" Mason, 233 F.3d at 96 (quoting Logan v. United States, 402 A.2d 822, 827 (D.C. 1979).

Here, there is no indication from defendant's proferred evidence that he intended to turn the weapon over to the police. To the contrary, defendant's intent was to return it to his girlfriend, where, presumably, he would have had ready access to it whenever he was at her residence.  Under these circumstances, it cannot be said that defendant's conduct stemmed from "an affirmative effort to aid and enhance social policy underlying law enforcement" as would excuse or justify defendant's admitted possession of the weapon.  See Mason, 233 F.3d at 624 (quoting Hines v. United States, 326 A.2d 247, 248 (D.C. 1974).

6

Thus, for the foregoing reasons, the court finds as a matter of law that defendant is not entitled to assert an "innocent transitory possession" defense in this case, and his request for points for charge and a special verdict form on that defense will be denied.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: September 12, 2005

cc: Charles A. Eberle
Assistant U.S. Attorney

Linda E.J. Cohn
Assistant Fed.Pub. Defender